27332. WILLIAMS *et al. v.* WALKER *et al.*

DECIDED JANUARY 30, 1939.

*Johnston & Jones,* for plaintiffs in error. *S. H. Dyer,* contra.

FELTON, J. J. M. Walker filed with the Industrial Board a claim for compensation for injuries received while he was allegedly employed by Paul Williams Company. The claim was made in the first instance against Paul Williams Company and later was amended to include J. J. Gordon. The director found that the claimant had lost no compensable time as a result of the injury, but that he was injured while in the employ of Williams and Robb, a partnership composed of Paul Williams and J. S. Robb, and that the amounts of certain hospital and doctor's bills which had been incurred on account of such injury should be paid by Williams and Robb. On appeal to the full board, the award of the single director was affirmed, with one director dissenting. The judge of the superior court of Coweta County, the county in which the injury was incurred, upon appeal to that court, affirmed the award of the full board, and exceptions are taken to this ruling. The only question to be decided, as appears from the award of the Industrial Board and the briefs of counsel in this court, is whether the relation of employer and employee existed between Williams and Robb and J. M. Walker.

J. M. Walker testified in substance that he was employed by Paul Williams Company and J. J. Gordon; that at the time he went to work Gordon told him that he was not carrying insurance on anybody; that he understood that Gordon was looking after the job and that Williams was furnishing the money; that Gordon

would make out the pay roll and send it in to Paul Williams Co.; that he was paid by Paul Williams Company through Gordon; that he was paid in cash; that he never did see the pay roll nor did he talk to Williams about his employment, but that after the injury Williams told him that he would see that he was treated right; that Paul Williams did not have anything to do with hiring him; that he was hired and paid off by Gordon; that Gordon told him that he (Gordon) would have to make out the pay roll and send it in to Mr. Williams.

Paul Williams, J. S. Robb, and J. J. Gordon all testified in substance that Paul Williams Company was a trade-name under which Paul Williams traded; that J. S. Robb had no connection therewith; that the only connection between Robb and Williams was in connection with the building which they bought and were dismantling in Newnan; that Robb and Williams formed a partnership to dismantle and sell the building in question; that an oral contract was made with J. J. Gordon to dismantle the building for which he was to be paid at the rate of $2 per thousand feet of lumber removed from the building; that Gordon was to have entire charge of the dismantling, and was to furnish the men and material with which it was done; that Williams and Robb exercised no control whatever over the hiring and firing of the employees of Gordon; that Williams and Robb exercised no control over. what the employees on the building were paid; that Williams and Robb exercised no control over the time, manner, or means of accomplishing the work, except that it was understood between the parties to the contract that the work was to be completed within one year, which was more than ample time for the completion of the contract; that the sole interest of Williams and Robb was in the result of the contract; that Gordon would call on Williams each week for the money he would need for his pay roll, and Williams would send it to him; that sometimes this money was money of Paul Williams Company, and that when this money was sent to Gordon it was charged on the books of Paul Williams Company to Williams and Robb and would be paid by them; that this method was used to facilitate the bookkeeping, since Paul Williams Company was equipped to handle the bookkeeping at no extra expense; that after money had been advanced, Williams or Robb, or both, would go to the building to see that Gordon had not drawn more money than

the amount of lumber he had removed from the building would call for under the contract; that Gordon would send in to Williams the amount of money that he would need, but did not send the pay roll with the names of his employees thereon; that Williams and Robb did have one employee on the job, a young woman who was employed by them to sell the lumber taken from the building, and who had, and was authorized to exercise, no other authority; that there was no right reserved by Williams and Robb to exercise any control over the manner, method, or means of accomplishing the contract.

The decision in this case necessarily depends on the relationship that existed between Williams and Robb and J. J. Gordon. The single director in his award found that Gordon was the foreman for Williams and Robb. If this is true, then the award is correct, and the superior court did not err in affirming it. On the other hand, if the evidence set out, and the legal inferences therefrom, do not authorize the finding that Gordon was merely a foreman, but show that he was an independent contractor, then there can be no recovery against Williams and Robb for the reason that the relationship of employer and employee would exist between Gordon and Walker and not between Williams and Robb and Walker. *Quinan* v. *Standard Fuel Co., 25 Ga. App.* 47 (102 S. E. 543) ; *U. S. Fidelity & Guaranty Co.* v. *Corbett, 31 Ga. App.* 7 (119 S. E. 921).

It will be noticed from the testimony of the claimant that he testified in the main to conclusions which he had reached, and there is nothing shown upon which he based these conclusions. For instance, he testified that Gordon made out the pay-roll and sent it in to Paul Williams Company, yet in the next breath he testified that he had never seen the pay-roll. He testified that he had never seen Mr. Williams at the time of his employment, yet he understood that he was employed by him and that Gordon was looking after the job for him. Thus it will be readily seen that taking the testimony of the claimant alone, there is no evidence upon which to base the award of the Industrial Board.

A careful consideration of the evidence adduced on the hearing in favor of Paul Williams Company and Williams and Robb will disclose that this evidence negatives, without contradiction from the claimant, not only every conclusion that claimant drew, but

every fact testified to by him touching the relationship of the parties. Even should we construe the evidence of Walker most strongly in his favor, the evidence would still be such that it would be impossible to hold that Gordon was a foreman and not an independent contractor. Judge MacIntyre, in *Bentley* v. *Jones, 48 Ga. App.* 587 (173 S. E. 737), has gone thoroughly into the question we have before us, and we deem anything we might say superfluous in view of the well-studied opinion written there by him, and the collection of authorities there cited. We are therefore of the opinion that the relationship of employer and employee did not exist between Williams and Robb and Gordon, but that Gordon was an independent contractor, and the relationship of employer and employee existed between Gordon and Walker. Therefore the award of the commission requiring payment of hospital and doctor's bills by Williams and Robb was wholly without evidence to support it and was contrary to law.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*